USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-5-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MILTON GUALLPA,

                      Plaintiff,                11 Civ. 3133(PKC)

                -against-                MEMORANDUM AND ORDER

NY PRO SIGNS INC. and DAVID RAFAELI,

                    Defendants.
-------------------------------------------------------------x

CASTEL, District Judge:

        Netanel Newberger, Richard I. Milman and Milman Labuda Law Group PLLC (the "Attorneys") have moved to withdraw as counsel to defendants NY Pro Signs Inc. and David Rafaeli because the defendants have failed to pay the Attorneys for the legal services in this action. The Attorneys further move to award them their unpaid attorneys' fees. Defendants have not filed any opposition to the motion. Plaintiff does not oppose the withdrawal but argue that the Court ought not decide the fee issue or ought not to do at this time.

        A district court may, in its discretion, exercise ancillary jurisdiction to hear fee disputes between the parties to an action and their attorneys when the dispute relates to the main action. See Levitt v. Brooks, 669 F.3d 100, 103-104 (2d Cir. 2012). The non-exhaustive list of factors to be considered in exercising discretion, include the following: "(1) familiarity with the subject matter of the suit, especially with the amount and quality of work performed by the attorneys; (2) a court's responsibility to protect officers of the court in such matters as fee disputes; (3) the convenience of the parties; and (4) judicial economy." Id. (citing Cluett, Peabody & Co., Inc. v. CPC Acquisition Co., Inc., 863 F.2d 251, 256 (2d Cir. 1988). )

        Applying those factors, the Court gives due weight to its responsibility to protect the Attorneys from defendants who have not honored their obligation to pay attorneys' fees. It also

recognizes that it would be more convenient to the Attorneys to litigate the issue in this forum at this time. All other factors militate against exercising ancillary jurisdiction. In this case, the factors of familiarity with the attorney's work and judicial economy overlap. From the date of service of process on May 12, 2011 until November 28, 2011, defendants were represented by other lawyers who sought permission to withdraw for reasons that included "my client is not able to pay me for services rendered and to be rendered as was originally agreed by us in the retainer agreement. . . ." (DE 10.) Aware of this fact, the Attorneys nevertheless undertook the representation. From December 8, 2011 until March 9, 2012 when they sought permission to withdraw, the Attorneys did nothing which would give this Court familiarity with their work. The Attorneys submitted a one sentence stipulation permitting them to file an amended answer. (DE 15.) There were no motions filed, no hearings held and no appearances before the Court. Thus, there would be little judicial economy because the court has little familiarity with the Attorneys' work. It would be inconvenient to the plaintiff to have the Court litigate the issue at this juncture because it stands to delay the progress of the case and dissipate the assets of the defendants.

The Court declines to exercise ancillary jurisdiction over the fee dispute. It grants the Attorneys' motion to withdraw. See Rule 1.16(c)(5), New York Rules of Professional Conduct.

**DEFENDANT NY PRO SIGNS INC. IS ADVISED THAT, BECAUSE IT IS NOT A NATURAL PERSON, IT IS NOT PERMITTED TO APPEAR IN THIS COURT, EXCEPT THROUGH AN ATTORNEY WHO IS ADMITTED TO PRACTICE IN THIS COURT.**

**IF, BY APRIL 26, 2012, DEFENDANT NY PRO SIGNS INC FAILS TO CAUSE A NOTICE OF APPEARANCE TO BE FILED WITH THIS COURT BY AN ATTORNEY ADMITTED TO PRACTICE BEFORE THIS COURT, THE COURT WILL**

STRIKE ITS ANSWER AND ENTER A DEFAULT JUDGMENT AGAINST IT FOR FAILURE TO COMPLY WITH THIS ORDER.

DAVID RAFAELI IS ADVISED TO CONSIDER RETAINING COUNSEL. HOWEVER, AS NATURAL PERSONS HE IS PERMITTED TO PROCEED WITHOUT AN ATTORNEY. HE IS INVITED TO CONTACT THE COURT'S PRO SE OFFICE LOCATED IN ROOM 230 OF THE MOYNIHAN U.S. COURTHOUSE, 500 PEARL STREET, NEW YORK, NY 10007.

ALL DEFENDANTS MUST APPEAR BY COUNSEL FOR A PRETRIAL CONFERENCE ON MAY 4, 2012 AT 4:00 P.M. IN COURTROOM 12C MOYNIHAN U.S. COURTHOUSE, 500 PEARL STREET, NEW YORK, NY 10007, EXCEPT THAT DAVID RAFAELI MAYAPPEAR EITHER IN PERSON OR BY COUNSEL. IF ANY DEFENDANT FAILS TO APPEAR AT THE MAY 4 CONFERENCE, THE COURT WILL STRIKE HIS OR ITS ANSWER AND ENTER A DEFAULT JUDGMENT AGAINST HIM OR IT FOR FAILURE TO COMPLY WITH THIS ORDER.

The Attorneys shall serve this Order on the defendants at their last known addresses and file an affidavit of service within five (5) days. The stay of discovery will expire on April 27, 2012. The motion (DE 18) insofar as it seeks leave to withdraw as attorneys is GRANTED and DENIED insofar as it seeks to have the Court exercise of ancillary jurisdiction over the claim for attorneys' fees.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
April 4, 2012