USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/9/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

MILTON GUALLPA, :

                Plaintiff, :

    -v.- :

NY PRO SIGNS, INC., and DAVID :
RAFAELI,
                Defendants. :

-----------------------------------------------------------x

**REPORT AND RECOMMENDATION TO THE HONORABLE LORNA G. SCHOFIELD**

11 Civ. 3133 (LGS) (FM)

**FRANK MAAS**, United States Magistrate Judge.

      This is an overtime and wage and hours case brought under the Fair Labor Standards Act and New York Labor Law. Plaintiff Milton Guallpa ("Guallpa") alleges that defendants NY Pro Signs, Inc. ("Pro Signs"), and David Rafaeli ("Rafaeli") (together, the "Defendants") paid him inadequate wages, made unlawful deductions from those wages, and later retaliated against him. (ECF No. 1) ("Complaint"). On May 4, 2012, Judge P. Kevin Castel, to whom this action then was assigned, struck Pro Signs' answer, (ECF No. 29), leaving only Rafaeli, its principal, in a position to defend this action. Subsequently, Judge Castel referred the case to me for general pretrial supervision. (ECF No. 30). For the reasons set forth below, I now recommend that defendant Rafaeli's answer be stricken, that the Clerk of the Court be directed to enter a default against both Defendants, and that Guallpa be directed to submit proof of his damages on notice to the Defendants.

The history of this case following the referral to me reflects Rafaeli's repeated refusal to comply with this Court's orders. For example, following a conference on August 1, 2012, I directed that Rafaeli produce, by August 15, 2012, all invoices and bank statements of Pro Signs for the period from January 1, 2006, through December 31, 2009. (ECF No. 32). Additionally, because the identification of Pro Signs' customers was important, I directed that if Rafaeli could not find these older records, he produce invoices and bank statements from January 1, 2011, to the present. (Id.).[1]

On October 10, 2012, I held a settlement conference, during which an attorney made an informal appearance on Rafaeli's behalf. In the course of the conference, I learned that Rafaeli still had not produced any invoices, even though nearly two months had passed since the August 15 deadline. Since Guallpa claimed, and Rafaeli denied, that Pro Signs was open on Saturdays, the invoices were relevant to Guallpa's claims. I gave Rafaeli another opportunity to produce them, directing that he do so by October 22, 2012. (ECF No. 36).

By letter dated November 7, 2012, Guallpa's counsel advised me that Rafaeli once again had failed to comply, and requested that the Defendants' "coverage defense be stricken." (ECF No. 38). Pro Signs' answer had, of course, already been stricken. Nevertheless, by memorandum endorsement dated November 14, 2012, I directed Rafaeli to submit, by November 30, an explanation why the requested relief should not be granted. (Id.). Rafaeli did not respond.

---

[1] This order was addressed to both Defendants. (Id.).

By letter dated December 7, 2012, Guallpa's counsel asked that Rafaeli be compelled to show cause why his answer should not be stricken and a default entered against him. The requested order to show cause, which was issued on January 18, 2013, was returnable on February 15, 2013. (ECF No. 40). Despite having been served with the order to show cause, (see ECF Nos. 41, 42), Rafaeli did not respond.

Under Rule 37 of the Federal Rules of Civil Procedure, if "a party . . . fails to obey an order to provide or permit discovery, . . . the court . . . may issue further just orders," including, but not limited to, "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." See Fed. R. Civ. P. 37(b)(2)(A); Bambu Sales, Inc. v. Ozak Trading, Inc., 58 F.3d 849, 852-54 (2d Cir. 1995) (court has discretion to enter a default judgment for noncompliance with discovery orders). In deciding the question of sanctions under Rule 37, several factors must be considered, including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of noncompliance." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (quoting Nieves v. City of N.Y., 208 F.R.D. 531, 535 (S.D.N.Y. 2002) (ellipses omitted)). Further, a "noncompliant party's 'persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith, or fault.'" Robinson v. City of N.Y., No. 10 Civ. 2163 (BSJ) (HBP), 2011 WL 6034365, at *2 (S.D.N.Y. Dec. 5, 2011) (quoting Masi v. Steely, 242 F.R.D. 278, 285 (S.D.N.Y. 2007)).

Here, for nearly eight months, Rafaeli has failed to comply with this Court's orders, and he has offered no justification for his inaction. Indeed, his failure to respond to the order to show cause, despite having been warned of the consequences, confirms that he has stopped communicating with the Court. In these circumstances, the only feasible remedy is to strike Rafaeli's answer and direct the Clerk of the Court to enter both Defendants' default.

Although Guallpa's papers variously request entry of either a default or a default judgment, Rule 55 of the Federal Rules of Civil Procedure makes clear that in an action for a sum that is uncertain, the party seeking a default judgment must make an evidentiary showing before judgment may be entered. Fed. R. Civ. P. 55(b)(2). Accordingly, I recommend that Rafaeli's answer be stricken, that the Clerk of the Court be directed to enter a default against both Defendants, and that Guallpa be directed to submit proof of his damages on notice to the Defendants. Id.

Notice of Procedure for Filing of Objections to this Report and Recommendation

The parties are hereby directed that if they have any objections to this Report and Recommendation, they must, within fourteen days from today, make them in writing, file them with the Clerk of the Court, and send copies to the chambers of the Honorable Lorna G. Schofield, United States District Judge, and to the chambers of the undersigned, at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be directed to

4

Judge Schofield. Any failure to file timely objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).

Dated: New York, New York
April 9, 2013

_____
FRANK MAAS
United States Magistrate Judge

Copies to:

Plaintiff's Counsel via ECF

David Rafaeli (via U.S. Mail)
NY Pro Signs, Inc.
100-23 Atlantic Avenue
Richmond Hill, New York 11418