UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                  :

MILTON GUALLPA,                      :

                      Plaintiff,    :

                                    :

        -against-              :

                                    :

NY PRO SIGNS INC. and DAVID RAFAELI,    :

                     Defendants.  :

                                    :
------------------------------------------------------------ X

  LORNA G. SCHOFIELD, District Judge:

11 Civ. 03133 (LGS)

<u>MEMORANDUM AND
ORDER</u>

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/17/13 _____

       Plaintiff, Milton Guallpa, brought this action against his former employer pursuant to the

Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and New York state labor laws.  Familiarity

with the facts and the procedural history of this case is presumed.

       On May 4, 2012, Judge P. Kevin Castel, to whom this action was previously assigned,

struck the answer of Defendant NY Pro Signs Inc. and entered default against it.  (Dkt. No. 29.)

On January 17, 2013, Magistrate Judge Frank Maas, to whom this matter was referred, ordered

Defendant David Rafaeli to show cause why his answer should not be stricken and default

should not be entered against him for failure to comply with previous Court orders dated August

3, 2012, October 11, 2012 and November 14, 2012.  (Dkt. No. 40, (the "January Order")).

Defendant Rafaeli failed to show cause or otherwise respond to the January Order.  On April 9,

2013, Magistrate Judge Maas issued a Report and Recommendation (the "Report"), in which he

recommended that Mr. Rafaeli's answer be stricken and the Clerk of Court directed to enter

default against him.  (Dkt. No. 44.)  In response to the Report, Defendant Rafaeli submitted

objections dated April 19, 2013.  (Dkt. No. 45.)  Plaintiff responded to the objections on May 6,

2013.  (Dkt. No. 46.)

Having conducted a *de novo* review of the portions of Judge Maas's Report to which Defendant Raefaeli objects, and having further reviewed the entirety of the Report, the Court adopts Judge Maas's Report in its entirety.

## I.     Standard of Review

A court may accept, reject, or modify, in whole or in part, the findings and recommendations set forth within a magistrate's report.  28 U.S.C. § 636(b)(1)(C).  When there are objections to the report, the court must make a *de novo* determination of those portions of the report to which objections are made.  *Id.*; *see also U. S. v. Raddatz*, 447 U.S. 667, 674 (1980).  When no objections to a report are made, the court may adopt the report if there is no clear error on the face of the record.  *See DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) (citations omitted).

To invoke *de novo* review of the magistrate judge's recommendations, the objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (citations and quotation marks omitted).  *De novo* review of a magistrate's report does not require the Court to conduct a *de novo* hearing on the underlying issues.  *Raddatz*, 447 U.S. at 676.  Rather, Congress intended "to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations."  *Id.*

Dismissal as a sanction pursuant Rules 16(f) or 37(b)(2) of the Federal Rules of Civil Procedure "is a drastic remedy that should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions."  *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988) (internal marks and citations omitted); *see Rouson v. Eicoff*, 69 Fed. R. Serv. 3d 128 (E.D.N.Y. 2007) (noting that "courts apply the same standards developed with respect to Rule 37(b)(2) sanctions" to determine

whether sanctions are appropriate under Rule 16(f)).  "Despite the harshness of these measures, however, discovery orders are meant to be followed, and dismissal or default is justified if the district court finds that the failure to comply with discovery orders was due to willfulness, bad faith, or any fault of the party sanctioned."  *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (citing *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 853 (2d Cir.1995)).

In determining whether to impose sanctions, a district court may evaluate several factors, including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance."  *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quoting *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)) (internal quotation marks and alteration omitted).  Where a plaintiff appears *pro se*, dismissal with prejudice may be imposed only if "a warning has been given that noncompliance can result in dismissal."  *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994).

## II.    Defendant Rafaeli's Objections

In his objections to the Report, Defendant Rafaeli argues: (1) that he has now complied with the Court order that he provide certain discovery to Plaintiff and (2) that he did not receive notice of Magistrate Judge Maas's January Order to show cause.

First, Defendant Rafaeli's argument that the Court should reject the Report because he has now complied with his discovery obligations fails.  The Second Circuit has "consistently rejected the 'no harm, no foul' standard for evaluating discovery sanctions." *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010).  Dismissal has been upheld as an

appropriate sanction, "[e]ven when a party finally (albeit belatedly) complies with discovery orders. . . ." *Id.*

> If parties are allowed to flout their obligations, choosing to wait to make a response until a trial court has lost patience with them, the effect will be to embroil trial judges in day-to-day supervision of discovery, a result directly contrary to the overall scheme of the federal discovery rules.  Moreover, compulsion of performance in the particular case at hand is not the sole function of Rule 37 sanctions.   Under the deterrence principle . . . , [defendant's] hopelessly belated compliance should not be accorded great weight.   Any other conclusion would encourage dilatory tactics, and compliance with discovery orders would come only when the backs of counsel and the litigants were against the wall.

*Id.* at 149 (quoting *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979)) (internal marks omitted); *see also Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 853 (2d Cir. 1995) (finding, where defendants failed to seek relief and ignored a discovery order for five months before complying, that the "conclusion [was] inescapable that they were deliberately obstructing the proceedings").

The fact that Mr. Rafaeli has finally provided the requested discovery does not overcome his previous discovery intransigencies or warrant a conclusion that he should not be sanctioned under the *de novo* standard of review.[1]  Nor does Mr. Guallpa's tardy production of the invoices rectify his failure to participate in and timely submit his portion of the joint pretrial order.[2]

---

[1] Magistrate Judge Maas first issued a court order for Defendant Rafaeli to produce certain invoices on August 3, 2012. (Dkt. No. 32.)  Magistrate Judge Maas again ordered Mr. Rafaeli to produce these invoices by October 11, 2012, after an unsuccessful settlement conference with the parties. (Dkt. No. 36.)  Mr. Rafaeli did not seek an extension with respect to these court orders, instead failing to communicate with the Court or to comply with the deadlines.  In his objections to the Report, Mr. Rafaeli acknowledges "that the documents were **not** provided by the deadlines that were set by the Court," but argues that they eventually were provided.  (Dkt. No. 46 (emphasis added)).  Plaintiff admits receiving these documents on February 8, 2013, nearly a full year after the discovery deadline was originally scheduled to close on February 27, 2012.  (*See* Dkt. No. 9.)

[2] On October 11, 2012, Magistrate Judge Maas ordered Defendant Rafaeli to "serve his portion of the proposed pretrial order" by November 30, 2012.  To date, Defendant Rafaeli has not provided any pretrial submissions to the Court.

Second, contrary to Defendant Rafaeli's representation, the Court expressly finds that Defendant Rafaeli did receive legally adequate notice of the January Order to show cause and the consequences of failing to comply with the January Order.  The Order explicitly states that "Rafaeli is hereby warned that failure to comply with any portion of this Order (or any subsequent order of this Court) may result in the striking of Rafaeli's Answer and entry of a default judgment against Rafaeli."  (Dkt. No. 40.)  Plaintiff effected service of the order on Rafaeli, in accordance with N.Y. C.P.L.R. § 308(2), through a process server, who delivered the January Order to an individual "of suitable age and discretion at [Rafaeli's] actual place of business," and mailed the order by first class mail to Rafaeli's attention in an envelope bearing the legend "Personal and Confidential."  (Dkt. No. 42.)  Plaintiff filed proof of service with the Court on February 8, 2013.[3]  (*Id.*)  In addition, exercising an overabundance of caution that perhaps was not misplaced, Plaintiff's counsel filed an affirmation that service of the January Order on Defendant Rafaeli was also attempted by email, fax and Federal Express.  (Dkt. No. 41.)  Given Plaintiff's "belt and suspenders" approach to service, Mr. Rafaeli's argument that he did not receive notice of the January Order is legally without merit as Plaintiff complied with N.Y. C.P.L.R. § 308(2) and, as a matter of common sense, doubtful.

## III.    Conclusion

The Court has reviewed the portions of Magistrate Judge Maas's thorough and well-reasoned Report, to which no objections were made, and finds no clear error on the face of the record.  The Court concludes that Magistrate Judge Maas had every reason to determine that the succession of extensions and the non-compliance must end.

---

[3] The Court notes that Defendant Rafaeli acknowledges receiving the Report, which Magistrate Judge Maas, as well as Plaintiff, mailed to him at the same business address.  (Dkt. No. 45; *see* Dkt. No. 47, ¶ 26.)

For the reasons stated above, the Court adopts Magistrate Judge Maas's Report in its entirety.  Accordingly, Defendant Rafaeli's answer (Dkt. No. 8) is stricken, and the Clerk of Court is directed to enter default against Defendant Rafaeli.

By May 31, 2013, in accordance with paragraph 3 of the Default Procedures appended to the Court's Individual Rules, Plaintiff shall submit to Chambers a proposed order for default judgment against Defendants NY Pro Signs Inc. and David Rafaeli as well as supporting documents, including proof of damages, and serve a copy of such papers on Defendants.

        SO ORDERED.

Dated: May 17, 2013
       New York, New York

                                 LORNA G. SCHOFIELD
                              UNITED STATES DISTRICT JUDGE