UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
          :
MILTON GUALLPA,          :
                 Plaintiff,  :
          :   11 Civ. 03133 (LGS)
    -against-        :
          :   OPINION AND ORDER
NY PRO SIGNS INC. AND DAVID RAFAELI, :
             Defendants. :
          :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

On May 9, 2011, Plaintiff brought this action for violation of the Fair Labor Standards Act ("FLSA"), and the New York Labor Law ("NYLL"), alleging that Defendants paid him inadequate wages, reduced his pay with unlawful deductions and retaliated against him. On May 17, 2013, following Defendants' numerous violations of court orders, default judgment was entered against Defendants and the matter was referred to Magistrate Judge Maas for an inquest on damages. On May 27, 2014, Judge Maas issued a Report and Recommendation (the "Report"), recommending an award of $119,720.00, plus prejudgment interest on the sum of $38,280.00 at the rate of 9% per annum from February 28, 2008, to the date of judgment, attorneys' fees in the amount of $138,522.13 and costs in the amount of $5,608.84. No objections to the Report were filed. For the following reasons, the Court adopts the Report in its entirety.

**I.    BACKGROUND**

Findings of fact are set out in the Report and summarized here.

Plaintiff is a former employee of Defendant Pro Signs, a New York corporation that designs, builds and installs signs, awnings, canopies and other promotional display items. Rafaeli, the other Defendant in this action, is the president and CEO of Pro Signs. Plaintiff was

employed by Defendants from approximately May 2006 to December 2009. Until February 2009, Plaintiff worked an average of 66 hours a week. From March 2009 to December 2009, Plaintiff worked an average of 60 hours a week.

Plaintiff was paid once a week. During the course of his employment, he earned between $350.00 and $600.00 per week. Defendants did not pay Plaintiff overtime or spread of hours pay, but did pay him approximately $10.00-30.00 per week for weeks he worked in excess of 60 hours. Defendants deducted $235.00 from Plaintiff's pay for a broken tool and as a "deposit" for any tools he might break in the future. Defendants did not post notices regarding overtime and minimum wages.

After Plaintiff left his employment with Defendants and began a new job, his attorneys contacted Defendant Rafaeli to inform him that Plaintiff intended to file a legal action against him for violation of FLSA and the NYLL. Subsequently, Defendant Rafaeli contacted Plaintiff's new employer to tell the employer that Plaintiff had brought suit against Defendants, causing Plaintiff to fear for his job.

## II. STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

### III. DISCUSSION

The Report concludes that Plaintiff is not entitled to any unpaid minimum wages, but recommends that Plaintiff be awarded overtime wages amounting to $66,106.00 and spread of hours wages amounting to $3,881.00, pursuant to the NYLL. In addition, the Report recommends an award of $235.00 to compensate Plaintiff for unlawful wage deductions, as well as liquidated damages in the amount of $49,498.00, under both FLSA and the NYLL. The Report finds that pre-judgment interest is warranted on the amount of 38,280.00, representing the damages owed for Plaintiff's claims asserted under the NYLL, calculated from the midpoint date of Plaintiff's employment with Defendants, at a rate of 9% per annum, as specified in N.Y. C.P.L.R. §§ 501 and 504. Further, the Report recommends that Plaintiff be awarded legal fees in the amount of $138,522.13 and costs and expenses in the amount of $5,608.84. Finally, the Report recommends denying Plaintiff's request for retaliation damages, finding that the Complaint does not make out a prima facie claim of retaliation under New York law.

Having reviewed the Report, to which no objection was made, the Court finds no clear factual or legal error and adopts the Report in its entirety.

### IV. CONCLUSION

For the reasons stated above, Plaintiff shall be awarded: (i) a principal amount of $119,720.00 in damages; (ii) pre-judgment interest on the sum of $38,280.00 at a rate of 9% per annum from February 28, 2008, until the date judgment is entered; (iii) attorneys' fees in the amount of $138,522.13; and (iv) costs in the amount of $5,608.84.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: August 18, 2014
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE